Sewall, J.,
delivered the opinion of the Court.
The statute, and the particular section of it relied on for the plaintiffs, are so particular in designating the circumstances, which according to the facts stated are descriptive of the note declared on, and the state of the demand, as to be conclusive in their favor, as to their interest in the note, and their authority to discharge it upon payment, unless the legislature are incompetent to establish a right of this description by a private statute. ■ And upon this point there would be some cause of doubt, if the statute changed, in any respect, the condition of the promiser in the note ; or, as the case is, of his representatives. It seems to be admitted on the part of the administrator, that the note is due from the estate of his intestate, and payable to some person ; and the only question, that seems *445 to be made on his behalf, is to whom; where shall the payment be made to avail, according to the fair intentions of the contract, and with safety to the parties liable for the demand ?
These questions the legislature have attempted to answer, by designating the incorporated society, as the party to whom moneys heretofore due and payable to the voluntary society are to be paid, and to avail. For this purpose the incorporated society is clothed with an authority to receive to their use all moneys due to the voluntary society ; and this act, made at the intercession of certain members of the voluntary society, will avail, so far at least as the agency in the collection is required, to transfer the right * originally vested in the voluntary society, or rather in their nominal trustees; and under these circumstances the parties liable have a legal security in paying as the statute directs.
In this decision it is not necessary to construe the statute to be a transfer also of the beneficial interest and claims of the members of the voluntary society. . As to them, the incorporated society may, after all, continue liable for all moneys received under this legislative provision.
Whether, however, a right of action is given by the statute for the moneys, which the legislature have authorized the incorporated society to receive, is another question, and one in which the rights of the supposed debtors are essentially involved. They may be thus exposed to two actions upon one and the same demand; and the question seems decided by the caution used by the legislature in this respect. The authority to receive, and to give an effectual discharge, does not necessarily imply an authority to demand or enforce the payment, by an action at law; and the expressions of the statute indicate a different intention.
Upon the whole, the judgment upon the agreement of the parties is to be entered, that the plaintiffs recover the sum found by the verdict, deducting the defendant’s costs; and no costs are to be taxed for the plaintiffs, (a)

 [It seems plainly to have been the intent of the act to empower the coiporatzva to demand, sue for, and receive, the moneys in question, to their own use. — Ed.]